UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN L. McELROY,

        Petitioner,

v.                                              CASE NO. 05-CV-71702–DT
                                                HONORABLE GERALD E. ROSEN
BRUCE CURTIS,                                   UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Before the Court is petitioner's *pro se* "Emergency Petition for Writ of Habeas Corpus as of Right." Although petitioner does not specifically delineate the state court judgment that he is challenging, petitioner has attached to his petition a document entitled "In Re: Motion to Dismiss for Lack of Jurisdiction" which was filed in the Wayne County Circuit Court under case number 97-3289. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Wayne County Circuit Court under this case number of the crime of delivery or manufacture of under 50 grams of a narcotic or cocaine, contrary to M.C.L.A.

1

333.7401(2)(a)(iv) and was sentenced to ten to twenty years in prison on March 4, 1998 for this offense.  This Court notes that petitioner has previously filed a petition for a writ of habeas corpus challenging this same 1998 conviction for violating M.C.L.A. 333.7401(2)(a)(iv) for the crime of possession with intent to deliver less than fifty grams of heroin.  The first petition was denied on the merits by this Court. *McElroy v. Robinson,* U.S.D.C. 99-CV-73529-DT (E.D. Mich. September 28, 2001). For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II.  Discussion

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district

2

court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In his current habeas application, petitioner does not specifically indicate that he is bringing the instant petition under 28 U.S.C. § 2254, but he appears to argue that the state court lacked subject matter jurisdiction over his criminal conviction in his Wayne County criminal case. Regardless of the label on the statutory underpinning of the habeas petition, however, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002). The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 therefore apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute. *See Long v. Commonwealth of Kentucky,* 80 Fed. Appx. 410, 414 (6th Cir. 2003); *Byrd v. Bagley,* 37 Fed. Appx. at 95. Nor could petitioner use 28 U.S.C. § 1651, the All

3

Writs Act, to circumvent the AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *See Brennan v. Wall,* 100 Fed. Appx. 4, 5 (1st Cir. 2004)(state prisoner's second habeas petition would be properly denied, notwithstanding prisoner's attempt to classify action as falling under All Writs Act, since petition was successive attempt to obtain relief from state judgment).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was dismissed on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-

91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: May 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager